THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE H. DAVIS, Appellant.

Third Department, November 12, 1919.

Agricultural Law — action for penalty — failure of veterinarian to report tuberculosis of animals — admission that animals were not diseased — Agricultural Law, former section 98, construed.

A veterinary surgeon is not liable to the State for the penalty provided for the failure to immediately report to the Commissioner of Agriculture the existence of infectious or communicable diseases among animals coming to his knowledge, as required by former section 98 of the Agricultural Law, where it is admitted that animals examined by the defendant were not in fact diseased, even though there be proof that the defendant stated to the owners that the animals were tubercular. One cannot report the existence of what does not exist, and the statute creates a liability only for a failure to report the existence of disease and not the belief or opinion of the veterinarian.

WOODWARD and LYON, JJ., dissented, with memorandum.

APPEAL by the defendant, George H. Davis, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Delaware on the 23d day of October, 1917, and also from an order entered in said clerk's office on the 22d day of October, 1917, denying defendant's motion for a new trial made upon the minutes.

*Sewell & France* [*H. B. Sewell* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*C. T. Dawes* and *T. Paul McGannon, Deputies Attorney-General*, of counsel], for the respondent.

COCHRANE, J.:

The complaint alleges four separate causes of action arising out of the conduct of the defendant, a veterinarian, in making an examination of four groups or herds of cows, and condemning one in each group as tubercular, without having made any report to the Commissioner of Agriculture, as required by the Agricultural Law. Section 98 of the act* provides that "All veterinarians in the State shall immediately report to the Commissioner of Agriculture the existence among animals of any infectious or communicable disease coming to their knowledge," and the action is brought to recover the penalties provided in the act (§ 52) for a violation of its provisions.

The defendant admits having made a physical examination of the cows in each case, but denies that they were afflicted with tuberculosis, or that he condemned them for having the disease. There is evidence, however, that the defendant did declare to the several owners and persons in interest that the condemned cows were tubercular, and this fact has been found against him by the jury. It is nevertheless admitted that the animals in question were not diseased.

Section 98 of the Agricultural Law requires veterinarians to report "the existence among animals of any infectious or communicable disease coming to their knowledge." It being admitted that these cows were not diseased, there was nothing to report. It may be that there should be a statute requiring a veterinarian to report his suspicions or his diagnosis, but that is a matter for the Legislature. Clearly one cannot report the *existence* of that which does not exist. The statute only creates liability for a failure to report the *existence* of disease and not the belief or opinion of the veterinarian that such disease exists.

The judgment, therefore, should be reversed.

All concurred, except WOODWARD, J., dissenting with a memorandum in which LYON, J., concurred.

WOODWARD, J. (dissenting):

The purpose of the statute is to bring to the attention of the Department of Agriculture any case of infectious disease

---

* Since repealed by Laws of 1917, chap. 660. See Agricultural Law, § 93, as added by Laws of 1917. chap. 660.— [REP.

among cattle, through the agency of veterinarians, and the evidence in this case clearly establishes that the defendant has disregarded his duty because so far as his action was concerned the cattle were to be deemed infected because he said they were, and it seems obvious that his conduct was not such as to justify any strained effort to relieve him of the penalties he has incurred.

LYON, J., concurred.

Judgment and order reversed and complaint dismissed, with costs.